MERCHANTVILLE FIELD CLUB, ·respondent, complainant,

*v.*

JANE WELLS et al., appellants, defendants.

[Submitted July 5th, 1909.   Decided November 15th, 1909.]

1. Under the act of March 2d, 1870 (*Gen. Stat. p. 3486*). a party who is in peaceable possession of lands, claiming to own the same, where his title is disputed, may maintain a suit in chancery to settle the title, where no suit to test the validity of the title is pending, notwithstanding it appears on the preliminary hearing as to jurisdiction that he claims under a conveyance from the executors under a will of one to whom, before the conveyance, he bore the relation of tenant.

2. A party claiming to be in peaceable possession of lands, claiming to own the same by virtue of a conveyance to him from. the executors under a will, is not required to prove the due execution of the will in order to confer jurisdiction upon the court of chancery to retain his suit under the act of March 2d, 1870.   *Gen. Stat. p. 3486.*

On appeal from an order of the court of chancery advised by Vice-Chancellor Leaming.

*Mr. David H. Goff* and *Messrs. French & Richards,* for the appellants.

*Mr. Lewis Starr* and *Mr. Frederick A. Rex,* for the respondent.

The opinion of the court was delivered by

TRENCHARD, J.

The bill in·this cause was filed by the Merchantville Field Club to quiet the title to a tract of land in Camden county pursuant to the provisions of the act of March 2d, 1870, entitled "An act to compel the determination of claims to real estate in certain cases, and to quiet the title to the same." *P. L. 1870 p. 20; Gen. Stat. p. 3486.*

The bill avers that the complainant, a corporation of New Jersey, purchased of William H. Alden and M. Mabel Smith, executors and trustees under the last will and testament of Clara P. Cazier, deceased, dated June 5th, 1902, for full consideration, and the trustees conveyed to the complainant in fee-simple the lands and premises described therein; that subsequently, when some question arose as to the proper execution of that will of Miss Cazier, the complainant, for the purpose of perfecting its title, obtained a deed from one William L. Worcester, surviving executor and trustee named in a former will of the same testator, dated October 16th, 1890, by which the executor in the last named will conveyed all the right, title and interest of Miss Cazier in the same lands; that by virtue of such conveyances the complainant became and is the owner of such lands and at once assumed possession thereof, since which time it has been in the peaceable possession of the lands, claiming to own the same; that the heirs of Miss Cazier claim that her wills were not executed as required by law; that her heirs dispute and deny the title of the complainant, and that no suit is now pending to enforce or test the validity of such claims.

The defendants, heirs-at-law of Clara P. Cazier, answering, denied that the complainant became seized and possessed of the lands and premises, as claimed in the bill, but on the contrary alleged that Miss Cazier died intestate and that the title to the lands descended to her heirs-at-law; they admit that the lands are in the possession of the complainant, but aver that such possession is by virtue of a lease made by Clara P. Cazier in her lifetime; and they also deny that the complainant is in possession of the lands claiming to own the same.

Upon the issue thus framed the complainant submitted its proof for the purpose of establishing the jurisdiction of the court under the statute, whereupon the vice-chancellor found that the essential jurisdictional facts had been established and that the complainant was entitled to maintain its suit, but awarded an issue at law to try the validity of such claim, in accordance with the application of the defendants.

The defendants appeal from that part of the order which

finds jurisdictional facts sufficient to enable the complainant to maintain its suit.

Section 1 of the act of March 2d, 1870 (*Gen. Stat. p. 3486*), gives a party who is in peaceable possession of land, claiming to own the same, where his title thereto is disputed, a right to maintain a suit in chancery to settle the title, where no suit to test the validity of the title is pending.

In the present case it is not disputed that the vice-chancellor was justified by the pleadings and proofs before him in finding that—*first,* the title to the lands in question was in dispute, and *second,* that there was no suit pending to test the validity of the title.

The sole contention of the defendants is that the record before the vice-chancellor did not justify him in finding that the complainant was in peaceable possession of the *locus in quo,* claiming to own the same.

We think there is no merit in the contention.

At the hearing for the purpose of establishing the jurisdiction of the court the complainant offered in evidence the deed from the executors under the will of Miss Cazier, dated June 5th, 1902, which recites the seisin of John R. Cazier, the latter's will, dated October 16th, 1890, devising all his property to his sister Clara, her death and the execution and probate of her last will and testament devising all the property to the grantors as executors and trustees, and the conveyance by such executors and trustees to the complainant of the *locus in quo* for a consideration of $3,800, which was paid by the complainant. The complainant also proved actual physical possession of the lands in question. Moreover, such possession is admitted by the answer.

But the defendants contend that complainant's possession was not under a claim of ownership for the reason that its possession originally was that of a tenant under Miss Cazier in her lifetime, and that such claim cannot be made in view of the well established doctrine that a tenant cannot dispute his landlord's title.

The fallacy of this contention is in the lack of foundation for the premise upon which it rests. While it is true that the evi-

dence disclosed that the complainant at one time was in possession of the premises in question as a tenant, under Miss Cazier's brother, and subsequently under her, yet it conclusively showed that, at the time the bill was filed and for a considerable period prior thereto, it was in possession by virtue of a deed from the executors of Miss Cazier for which it paid full consideration. Certainly, under such conditions, the complainant is not precluded from claiming ownership of the land.

The defendants further insist that there was no proof that the title to the land in question was transmitted from Miss Cazier to the complainant. But we have already pointed out that this was shown by the deed from her executors to the complainant. The argument of the defendants seems to be that it was necessary for the complainant to prove the due execution of the will of Miss Cazier. We think not. To require the complainant to establish, in this initial stage of the proceedings, the due execution of the will, would impose upon the court the obligation then to pass upon the real question in dispute, not the jurisdictional facts. No such duty rested upon the court in this preliminary proceeding. In the first instance it was concerned only with jurisdictional facts. These were shown by proof of peaceable possession of the lands under claim of ownership by virtue of the deed and that no suit was pending to settle the basis of the defendants' assertion of title.

The result is that the order of the court below is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, GARRISON, SWAYZE, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON—15.

*For reversal*—None.